IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

XIANGYANG CHEN,                              )
                                             )
                Petitioner,                  )
                                             )
        vs.                                  )    Civil Action No. 3:25-cv-428
                                             )    Judge Stephanie L. Haines
PAMELA J. BONDI, *in her capacity as U.S.*   )    Magistrate Judge Christopher B. Brown
*Attorney General, et al.*,                  )
                                             )
                Respondents.                 )

## MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Xiangyang Chen ("Petitioner") (ECF No. 1). Petitioner is under final orders and was most recently detained by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), on October 9, 2025. He has been under final order of removal since November 28, 2007, but presumptively has been unable to be removed to his country of origin, China. When he was taken into custody, ICE told him his order of supervision had been revoked because of "changed circumstances" and that his removal was now imminent. Petitioner has been in continuous detention since October 9, 2025 and claims that his prolonged detention of nearly six months is unconstitutional under the Fifth Amendment. Among other claims for relief, he seeks immediate release from custody. This matter was referred to Magistrate Judge Christopher B. Brown for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On March 11, 2026, Magistrate Judge Brown filed a Report and Recommendation (ECF No. 18) recommending that the Petition (ECF No. 1) be granted; while ICE requested a travel document for Petitioner on October 16, 2025, from the People's Republic of China, and requested

1

an update on November 13, 2025, the possibility of deportation remains unanswered and pending. Thus, Judge Brown found removal is not reasonably foreseeable. *See* discussion, ECF No. 18, pp. 10-11. In other words, Respondents failed to satisfy their burden of showing that changed circumstances have made Petitioner's removal significantly likely to happen in the reasonably foreseeable future. *See Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023); 8 C.F.R. § 241.13(i)(2)). The Parties were advised they could file objections to the Report and Recommendation by March 25, 2026. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Neither the Government nor Petitioner filed objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 18) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and under Local Civil Rule 72.D.2, the Court will accept Magistrate Judge Brown's determination that Petitioner is entitled to relief. The Court takes special note of Judge Brown's discussion at pages 13-18 of the Report and Recommendation (ECF No. 18) regarding the six-month presumptive period for detention under *Zadvydas v. Davis*, 533 U.S. 678, 680 (2001) ("It is unlikely that Congress believed that all reasonably foreseeable removals could be accomplished in 90 days, but there is reason to believe that it doubted the constitutionality of more than six months' detention. Thus, for the sake of uniform administration in the federal courts, six months is the appropriate period. After the 6–month period, once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing.").

While at the writing of this opinion Petitioner is exactly at six months (April 9, 2026) detention, Judge Brown found that even short of six-months Petitioner has satisfied the heavier

burden of proving his removal is not reasonably foreseeable. Namely, Judge Brown found that Respondents entire argument rests on a pending travel document that has been elusive for nearly 20 years. To date there is no evidence that China will accept or is even considering accepting Petitioner back into the country. In addition, the Chinese Consulate has repeatedly told Petitioner that without a Chinese national identification card, it cannot issue travel documents and the Government has provided no evidence to the contrary. ECF No. 18, p. 18.

Accordingly, the following order is entered:

### **ORDER**

AND NOW, this 9th day of April, 2026, IT IS ORDERED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is GRANTED insofar as it seeks Petitioner be released from Immigration and Customs Enforcement ("ICE") detention; and,

IT IS FURTHER ORDERED that Respondents shall immediately release Petitioner from ICE detention, subject to and in accordance with the conditions of his preexisting Order of Supervision; and

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is DENIED without prejudice insofar as it seeks Petitioner not be re-detained by ICE. Petitioner is under final orders of removal pursuant to 8 U.S.C. § 1231 and, thus, is subject to detention under 8 C.F.R. § 241.13(i)(2).[1]; and,

IT IS FURTHER ORDERED that Magistrate Judge Brown's Report and Recommendation (ECF No. 18) is adopted as the Opinion of the Court; and,

---

[1] " Revocation for removal. The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal." 8 C.F.R. § 241.13(i)(2).

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.


Stephanie L. Haines
United States District Judge

4